**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMOND EDMONDS,

        Plaintiff,

v.                                                  Case No. 12-CV-14264
                                                  Honorable Denise Page Hood

WELLS FARGO DELAWARE TRUST
COMPANY,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

        This matter involves a challenge to a sheriff's sale. Now before the Court is Wells Fargo Delaware Trust Company's Motion to Dismiss, filed October 3, 2012. The matter has been fully briefed and is appropriate for review. For the reasons stated below, Defendant's Motion to Dismiss and Dismiss the Complaint is GRANTED.

**II.    BACKGROUND**

        This matter involves a certain property in Southfield, Michigan. Demond Edmonds brought this action in Oakland County Circuit Court on August 12, 2012. Through counsel, Edmonds makes the following claims: Quiet Title (Count I), Standing (Count II), Unjust Enrichment (Count III), Breach of Implied Agreement/Specific Performance (Count IV), and Breach of MCL 3205(c) (Count V). Wells Fargo removed the action to this Court on September 26, 2012.

        On March 30, 2005, Edmonds received a loan in the amount of $196,000.00 from Quicken Loans, Inc. [Docket No. 4, Pg ID 113-15] As security on the loan, Edmonds and his wife executed a mortgage with Mortgage Electronic Registration Systems, Inc. (MERS) as nominee [Docket No.

4, Pg ID 118-19] The mortgage was recorded with the Oakland County Register of Deeds on April 15, 2005. *Id.* MERS assigned the mortgage to Wells Fargo on August 19, 2011. [Docket No. 4, Pg ID 138] The assignment was recorded with the Oakland County Register of Deeds on September 13, 2011. *Id.*

At some point, Edmonds fell behind on the mortgage payments and a foreclosure by advertisement proceedings was initiated. The property was sold at a sheriff's sale on or about March 27, 2012. [Docket No. 4, Pg ID 141]. The redemption period expired on September 27, 2012. [Docket No. 4, Pg ID 142]. Edmonds does not allege that he redeemed the property.

## III.  STANDARD OF REVIEW[1]

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful

---

[1] Defendant has attached several documents to its motion to dismiss: the Note, the Mortgage, the Assignment, and the Sheriff's Deed. In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Federal Rule of Civil Procedure 10(c) provides that a copy of the written instrument is "part of the pleading for all purposes." The plaintiff is not required to attach the written instrument. *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997). However, the defendant may attach the written instrument if the plaintiff fails to do so and it will be considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

*Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

**IV.  ANALYSIS**

    **A.  Expiration of Redemption Period**

Wells Fargo argues that Edmonds lacks standing to challenge the foreclosure because the redemption period has expired and, as a result, Edmonds can no longer assert an interest in the property. Standing is a threshold issue that must be decided before the Court may consider any substantive issues. *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). Standing is present when: (1) plaintiff had suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff must prove all three elements with specificity. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

At the expiration of the redemption period following the sheriff's sale, all rights and title vest in the purchaser. *See* MICH. COMP. LAWS § 600.3236. A former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption." *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). Once the redemption period has expired, the former owner can no longer assert a claim with respect to the property. *See Overton v. Mortgage*

*Electronic Registration Systems, Inc.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished).

There is some split in opinion in this Circuit as to whether the expiration of the redemption period strips the former owner of standing to challenge the foreclosure sale. *See Carmack v. Bank of New York Mellon No*., 12-11669, 2012 WL 2389863, *4 (E.D. Mich. June 25, 2012) (Steeh, J.) (unpublished) ("Plaintiff defaulted on his loan, failed to redeem his property within the statutory redemption period, and his allegations do not fall within the "clear showing of fraud, or irregularity" exception noted in *Overton*."); *Hana v. Wells Fargo Bank*, No. 11-14442, 2012 WL 1694643, *4–5 (E.D. Mich. May 15, 2012) (Borman, J.) (unpublished) ("Whether analyzed as an issue of standing or as a merits-based challenge, the Court agrees . . . that Plaintiffs cannot challenge the foreclosure and sale. . ." because the redemption period expired); *Rainey v. U.S. Bank National Association*, to this case. No. 11-12500, 2011 WL 5075700 (E. D. Mich. Oct. 25, 2011) (Lawson, J.) (unpublished) (finding that *Overton* was decided on the merits and not based on standing); *Brezzell v. Bank of America,* No. 11-11467, 2011 WL 2682973, *4 (E.D. Mich. July 11, 2011) (Edmunds, J.) (unpublished) ("Although the Court finds that the use of the "standing" term is somewhat misleading, it still finds that *Overton* is applicable and Defendants are still entitled to dismissal because the redemption period has expired and Plaintiff has not shown the requisite fraud or irregularity in the foreclosure proceedings.")*.* Irrespective of how the issue is labeled, the Michigan Supreme Court's decision in *Piotrowski* is controlling and Defendants are entitled to dismissal if the redemption period has expired. *See Piotrowski*, 4 N.W.2d at 517 ("Plaintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption"). The redemption period expired in September 2012 and Edmonds did not exercise his right of redemption.

Edmonds argues that he has sufficiently alleged fraud, which warrants setting aside the foreclosure sale. He further contends that Wells Fargo should be estopped from enforcing the sheriff's sale because it intentionally or negligently made misrepresentations that there would be no sheriff's sale until a loan modification had been put in place. A former owner may holdover and challenge the validity of the foreclosure in summary eviction proceedings. *Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935). However, he is limited to challenging the procedure and no other underlying equities. *Id.* The Michigan Court of Appeals has noted that without the ability to challenge the foreclosure proceeding, "the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Manufacturers Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (citing *Reid*, 258 N.W at 631). "[A] strong case of fraud or irregularity, or some peculiar exigency, [is required] to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997); *see also Senters v. Ottawa Savings Bank, FSB*, 503 N.W.2d 639, 643–44 (Mich. 1993); *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *Garno*, 974 F.Supp. at 633). Michigan law does not allow the Court to equitably extend the redemption period absent fraud or irregularity. *Overton*, 2009 WL 1507342 at *1 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

Although Edmonds alleges that Defendant misled him into believing that either a loan modification or a decision on the modification would be obtained before a sheriff's sale, facts supporting this assertion are missing from Edmond's complaint. Allegations of fraud are subject to heightened pleading requirements. *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with

particularity the circumstances constituting fraud or mistake."); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)("At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentation upon which [he or she] relied."). Edmonds makes no allegations of fraud in his Complaint. He cannot amend the Complaint in his response.[2] Notwithstanding Edmonds' attempt to amend his Complaint in his response, his allegations are insufficient to warrant setting aside the sheriff's sale. *See Nett v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 1519166, *3 (E.D. Mich. Apr. 20, 2011) (unpublished) (finding that the plaintiffs alleged sufficient irregularities to set aside the foreclosure when bank refused to accept payments, initiated foreclosure proceeding despite plaintiffs attempts to contact them, and refused to review paperwork when it indicated that it would); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010) (unpublished) (finding that exception did not apply when the plaintiffs had received posted notice of foreclosure and made no effort to stay or challenge the foreclosure sale). Edmonds makes vague allegations regarding an inability to modify the loan without stating what statements were made, when they were made, or who made them. The Court finds that Edmonds has not alleged a sufficient basis to set aside the sheriff's sale and can no longer assert an interest in the property.

Edmonds also captions a separate count of his Complaint as "Standing." It appears that Edmonds is alleging that because of Wells Fargo's failure to provide "requested authenticated copies of the purported note," he is entitled to rescind the entire mortgage. Wells Fargo argues that this alleged failure does not entitle Edmonds to rescind the mortgage because Edmonds approaches the Court with unclean hands. Edmonds does not respond to this argument and appears to concede

---

[2] Furthermore, the statute of frauds bars any amendment absent evidence of a signed, written promise to modify the loan. *See* MICH. COMP .LAWS § 566.132(2).

Wells Fargo's point. Regardless, Edmonds would not be entitled to rescind the mortgage. Despite his failure to provide any legal basis that would allow the Court to rescind the mortgage based on these allegations, Edmonds' hands are tainted. *Stachnik v. Winkel*, 230 N.W.2d 529 (1975). He has not in any way alleged that he paid the mortgage or that he did not default on his payments. The Court dismisses Edmonds' "Standing" count.

### B. Doctrine of Laches

Wells Fargo asserts that Edmonds claim is barred by the doctrine of laches. The equitable doctrine of laches bars an action when the party commencing a cause of action has delayed bringing suit when practicable without excuse or explanation and the delay would result in prejudice the opposing party due to a change in a material circumstance. *Wayne County v. Wayne County Ret. Comm'n*, 704 N.W.2d 117, 129 (Mich. Ct. App. 2005). Edmonds does not address Wells Fargo's argument in his Response. The sheriff's sale occurred on March 27, 2012. Edmonds did not file the present action until August 2012, nearly six months after the property was sold. He does not offer any reason for the delay. *See Jackson Inv. Corp. v. Pittsfield Products, Inc.,* 413 N.W.2d 99, 102 (Mich. Ct. App. 1987) (affirming trial court decision that doctrine of laches when the plaintiff did not file his complaint "until five months of the six-month redemption period had passed."). The doctrine of laches also bars the Complaint.

### C. Quiet Title

Edmonds claims that he has satisfactorily demonstrated an action for quiet title. The Court disagrees. Edmonds concludes, without factual support, that he was "misled into believing that the Sheriff Sale would not occur pending the outcome of the Loan Modification process." Edmonds bears the burden of making out a *prima facie* case of quiet title. *Beaulah Hoagland Appelton*

7

*Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title"). Quiet title is a remedy and not a separate cause of action. *Shaya v. Countrywide Home Loans, Inc*., No. 11-1484, 2012 WL 1816233, *4 (6th Cir. 2012) (unpublished). Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed. *Johns v. Dover*, No. 291028, 2010 WL 2696656 (Mich. Ct. App. July 8, 2010) (unpublished). Edmonds has not even attempted to allege on any plausible level a chain of title. Rather he has resorted to conclusions and baseless accusations. Edmond's "failure to 'provide [any] legal or factual justification for [his] quiet title claim other than the conclusory allegation that the foreclosure was wrongful, invalid, and voidable'" because Wells Fargo failed to allow him to modify his loan mandates dismissal. *See Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 796 (E.D. Mich. 2010).

### D.     Unjust Enrichment

Edmonds alleges that Wells Fargo was unjustly enriched by intentionally precluding him from entering into a loan modification program before the home was foreclosed upon. Unjust enrichment requires plaintiff to demonstrate (1) receipt of a benefit by the defendant from the plaintiff; and (2) plaintiff experienced inequity by the defendant's retention of the benefit. *Barbara v. SMH*, 509 N.W.2d 791, 796 (Mich. 1993). The law will imply a contract in order to prevent an injustice. *Martin v. East Lansing School Dist.*, 483 N.W.2d 656, 661 (Mich. Ct. App. 1992). However, the Court will not imply a contract if there is an express contract that governs the matter. *Campbell v. Troy*, 202 N.W.2d 547, 549 (Mich. Ct. App. 1972). Edmonds' claim for unjust enrichment fails because a contract already exists that governs the parties' rights on this subject.

Furthermore, Edmonds has not explained how Wells Fargo benefitted from not allowing him to enter into a loan modification when Edmonds defaulted on his loan. The Court finds that Edmonds has failed to state a claim for unjust enrichment.

### E. Statute of Frauds

Edmonds alleges in Count IV that he attempted to negotiate a loan modification in good faith. He requests that the Court order Wells Fargo to process the loan modification or negotiate a settlement for the property. Wells Fargo argues that this claim is barred by the statute of frauds. The statute of frauds provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS § 566.132(2).

It is well established that section 566.132(2) is unambiguous. In *Crown Tech. Park v. D&N Bank*, *Crown Tech Park v D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The Michigan Court of Appeals has held that the statute prevents a party "from bringing a claim—*no matter its label*—against a financial institution to enforce the terms of an oral promise to waive a loan provision. *Id.* (emphasis added). Edmonds has not alleged that there was a promise, written or otherwise, to modify the loan. The Court cannot compel Wells Fargo to modify a loan on the basis

of a promise that was not written and signed by any authorized individual. To the extent that Edmonds relies on an oral promise to modify the loan, his complaint fails and the Court must dismiss Count IV.

### F.     MICH. COMP. LAWS § 600.3205c.

In Count V, Edmonds alleges that Wells Fargo failed to adhere to the requirements set forth in Michigan Complied Law § 600.3205c. The Court cannot set aside the foreclosure sale pursuant to MICH. COMP. LAWS § 600.3205c. The statute provides the procedure for requesting a loan modification. Subsection (1) states that "[i]f a borrower . . . contact[s] a person designated under section 3205a(1)(c) . . . , the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." MICH. COMP. LAWS § 600.33205c(1). If the borrower is eligible for a loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within 14 days. *Id.* at § 600.3205c(7). If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the court to convert the foreclosure proceeding into a judicial foreclosure. *Id*. at § 600.3205c(8).

Edmonds alleges that Wells Fargo violated this section by failing to modify his mortgage. Nothing in section 3205c requires Wells Fargo to modify the loan. Nor does section 600.3205c give the Court authority to set aside the foreclosure once it has been completed. *See Adams v. Wells Fargo Bank*, No. 11-10150, 2011 WL 3500990 (E.D. Mich. 2011) (unpublished) (noting that section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."). The statute clearly requires Edmonds to seek redress before the

completion of the foreclosure. The Court finds that Edmonds has failed to state a plausible claim for relief.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Docket No. 4, filed October 3, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.

                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated: January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager